## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| KELLIE M. GLICK and KACI CLAYTON, as Special Administrator of the Estate of Kenzi Alyse Schuler, Deceased, | ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.:

COMPLAINT

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual"), by its undersigned attorneys, alleges as follows:

### INTRODUCTION

1. This is an action for a judgment declaring that an insurance policy issued by Liberty Mutual to the Defendant Kellie M. Glick (the "Homeowners Policy") provides no coverage for the claim against her by the Defendant Kaci Clayton in an underlying wrongful-death lawsuit (the "Underlying Lawsuit").

2. The Underlying Lawsuit, filed by Clayton as Special Administrator of the Estate of Kenzi Alyse Schuler, seeks damages from Glick for her alleged negligence in caring for and babysitting Clayton's infant daughter, services Glick was performing in her home as part of her home day care business for which she was receiving monetary compensation.

3. Because it excludes claims for bodily injury arising out of or in connection with a business engaged in by the insured and because business (as defined therein) includes home day

care services provided for monetary or other compensation, the Homeowners Policy affords no coverage for the claim against Glick in the Underlying Litigation.

## JURISDICTION AND PARTIES

4.     Liberty Mutual is an insurance company organized under the laws of Wisconsin. For federal court jurisdiction/diversity of citizenship purposes, its principal place of business is in Boston, Massachusetts.  It is therefore a citizen of Wisconsin and Massachusetts, as defined by 28 U.S.C. § 1332.

5.     Upon information and belief, Glick is a resident of Farmersville, Illinois and a citizen of Illinois.

6.     Upon information and belief, Clayton is a resident of Raymond, Illinois and is a citizen of Illinois.

7.     Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in this Court because a substantial part of the events or omissions giving rise to the matter at issue occurred in this district.

8.     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Liberty Mutual and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interests and costs.

9.     The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.  An actual and substantial controversy exists between Liberty Mutual and the Defendants regarding, *inter alia*, whether the Homeowners Policy provides insurance coverage for the underlying claim against Glick.

## BACKGROUND

10.    On March 8, 2019, the Underlying Lawsuit, captioned *Kaci Clayton, Special Administrator of the Estate of Kenzi Alyse Schuler, deceased v. Kellie M. Glick*, Number

2019L4, Circuit Court of Montgomery County, Illinois, was filed by Clayton against Glick.  (A copy of the Complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached as Exhibit 1.)

11. The Underlying Complaint alleges in part that on January 29, 2018, "Glick was caring for and babysitting [Clayton's] infant/decedent, Kenzi Alyse Schuler" (the "Decedent"), "in [Glick's] home in Farmersville, Illinois." (Exh. 1, ¶ 3.)  The Underlying Complaint further alleges that Glick, while babysitting, "performed one or more of [certain] negligent and careless acts in the breach of [her] duty" to attend to and provide reasonable care for the Decedent.  (Exh. 1, ¶¶ 4-5.)  The Underlying Complaint further alleges that as a direct and proximate result of such acts or omissions, the Decedent died on January 29, 2018.  (Exh. 1, ¶ 6.)

## THE HOMEOWNERS POLICY

12. The Homeowners Policy, issued to Glick and her husband as the Named Insured, is a LibertyGuard Homeowners Deluxe Policy, number H32-248-910969-00 7 5, with a policy period of December 25, 2017 to December 25, 2018.  (A copy of the Homeowners Policy is attached as Exhibit 2.)

13. The Homeowners Policy includes the following provisions, which appear in the principal policy form as amended by endorsements:

### DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and

\*   \*   \*

"We," "us" and "our" refer to the Company providing this insurance.  In addition, certain words and phrases are defined as follows:

1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

2. "Business" includes:

   a. A trade, profession or occupation engaged in on a full-time, part time or occasional basis; or

   b. Any other activity engaged in for money or other compensation, except the following:

      **(1)** One or more activities, not described in **(2)** or **(3)** below, for which no "insured" receives more than $3,000 in total compensation for the 12 months before the beginning of the policy period.

      **(2)** Volunteer activities for which no money is received other than payment for expenses incurred to perform the activity; or

      **(3)** A "short term rental".

                               \*     \*     \*

5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   a. "Bodily injury"; or

   b. "Property damage."

6. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

                               \*     \*     \*

### SECTION II – LIABILITY COVERAGES

**COVERAGE E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the

amount we pay for damages resulting from the "occurrence" equals our limit of liability.

\* \* \*

### SECTION II – EXCLUSIONS

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to "bodily injury" or "property damage":

\* \* \*

    b. Arising out of or in connection with a "business" engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the "business";

\* \* \*

(Exh. 2, LMFIC__08, 18, 30, 33.)

14. The Homeowners Policy also includes the following provisions, which appear in another endorsement:

**<u>NO</u> SECTION II – LIABILITY COVERAGES FOR HOME DAY CARE BUSINESS**

\* \* \*

If an "insured" regularly provides home day care services to a person or persons other than "insureds" and receives monetary or other compensation for such services, that enterprise is a "business." Mutual exchange of home day care services, however, is not considered compensation. The rendering of home day care services by an "insured" to a relative of an "insured" is not considered a "business."

Therefore, with respect to a home day care enterprise which is considered to be a "business," this policy:

1. Does not provide Section II – Liability Coverages because a "business" of an "insured" is excluded under exclusion **1.b.** of Section II – Exclusions;

\* \* \*

THIS ENDORSEMENT DOES **NOT** CONSTITUTE A REDUCTION OF COVERAGE.

(Exh. 2, LMFIC__46.)

## GLICK'S DAYCARE BUSINESS

15. On January 29, 2018 and years leading up to this date, Glick was performing babysitting services in her home as part of her home day care business, as evidenced in the Police Records and a letter from Decedent's family's counsel. (A copy of the Police Records is attached as Exhibit 3, *see* PR__003, 004, 011, 017, 021, 060; a copy of the Attorney Letter is attached as Exhibit 4, *see* pg. 3.) In performance of these services, Glick received monetary compensation. (Exhibit 3, PR__021).

16. Liberty Mutual subsequently advised Glick it was reserving all rights, including the right to issue a coverage disclaimer on the grounds that a "bodily injury" claim arising out of a home day care business or service that was provided for compensation would be excluded from coverage. (A copy of Liberty Mutual's February 14, 2018 letter is attached as Exhibit 5; a copy of Liberty Mutual's April 19, 2018 letter is attached as Exhibit 6; a copy of Liberty Mutual's October 23, 2018 letter is attached as Exhibit 7.)

17. Liberty Mutual subsequently learned that, on March 8, 2019, the Underlying Lawsuit was filed against Glick. (Exh. 1.)

## COUNT I

18. Liberty Mutual adopts and incorporates by reference paragraphs 1 through 17 as if completely and fully set forth herein.

19. The Underlying Complaint alleges that Glick was babysitting the Decedent in Glick's home in Farmersville, Illinois. (Exh. 1, ¶ 3.)

20. On January 29, 2018, the date she was caring for Decedent, Glick was operating a home daycare business out of her home. (Exhs. 3 and 4.)

21. Glick ran a home daycare business out of her home and for which she received compensation. The Decedent was one of the children Glick cared for in exchange for such compensation. (Exhs. 3 and 4.)

22. The Homeowners Policy provides no coverage for claims arising out of or in connection with a home daycare business.

23. Exclusion **1.b.** of Section II of the Homeowners Policy provides in part that "Coverage E – Personal Liability . . . do[es] not apply to 'bodily injury' . . . [a]rising out of or in connection with a 'business' engaged in by an 'insured'" and that "[t]his exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the 'business[.]'" (Exh. 2, LMFIC__18.) The Homeowners Policy Definitions, in turn, provide that the term "'[b]usiness includes trade, profession or occupation." (Exh. 2, LMFIC__08.)

24. By endorsement, the Homeowners Policy further so provides that "[i]f an 'insured' regularly provides home day care services to a person or persons other than 'insureds' and receives monetary or other compensation for such services, that enterprise is a "business[ ]" and, "[t]herefore, with respect to a home day care enterprise which is considered to be a 'business,' this policy . . . [d]oes not provide Section II – Liability Coverages because a 'business' of an 'insured' is excluded under exclusion **1.b.** of Section II - Exclusions[.]" (Exh. 2, LMFIC__46.)

25. Accordingly, the Homeowners Policy provides no coverage for the claim against Glick in the Underlying Lawsuit since it alleges "bodily injury" that arose out of or in connection with a "business" engaged in by her.

WHEREFORE, Liberty Mutual prays that this Honorable Court find and declare the rights and duties of the parties, and specifically find and declare:

a. That Liberty Mutual has no duty to defend Glick in the Underlying Lawsuit; and

b. That Liberty Mutual has no duty to indemnify Glick for any damages awarded in the Underlying Lawsuit;

Liberty Mutual also prays for such other relief as is just and necessary.

## COUNT II

26. Liberty Mutual adopts and incorporates by reference paragraphs 1 through 25 as if completely and fully set forth herein.

27. Liberty Mutual has no duty to defend or to indemnify Glick in the Underlying Lawsuit since coverage is barred by the other terms, conditions, limitations, exclusions and/or other provisions of the Homeowners Policy.

WHEREFORE Liberty Mutual prays that this Honorable Court find and declare the rights and duties of the parties, and specifically find and declare:

a. That Liberty Mutual has no duty to defend Glick in the Underlying Lawsuit; and

b. That Liberty Mutual has no duty to indemnify Glick for any damages awarded in the Underlying Lawsuit;

Liberty Mutual also prays for such other relief as is just and necessary.

Dated:     May 28, 2019

Respectfully Submitted,

9

NICOLAIDES FINK THORPE
MICHEALIDES SULLIVAN LLP

By: /s/Regina A. Ripley
Regina A. Ripley (#6275774)
Alex B. Mahler (#6273483)
**Attorneys for Liberty Mutual Fire Insurance Company**
**NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**
10 S. Wacker, Suite 2100
Chicago, Illinois 60606
rripley@nicolaidesllp.com
amahler@nicolaidesllp.com
(P): 312-585-1400
(F): 312-585-1401