IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:19-CV-03138<br>) |
| KELLIE M. GLICK and KACI CLAYTON, as Special Administrator Of the Estate of Kenzie Alyse Schuler, deceased, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Kaci Clayton's Motion to Dismiss for Lack of Subject Matter Jurisdiction (d/e 12). Because Plaintiff Liberty Mutual Fire Insurance Company (Liberty Mutual) has established that diversity jurisdiction exists, the Motion is DENIED.

## I. BACKGROUND

In May 2019, Plaintiff filed a Complaint against Defendants Kellie M. Glick and Kaci Clayton, as special administrator of the

estate of Kenzi Alyse Schuler, deceased. Liberty Mutual seeks a declaratory judgment that the insurance policy issued by Liberty Mutual to Glick provides no coverage in the underlying wrongful-death lawsuit (Underlying Lawsuit), <u>Kaci Clayton, Special Administrator of the Estate of Kenzi Alyse Schuler, deceased v. Kellie M. Glick</u>, Montgomery County, Illinois, Case No. 2019-L-4. Liberty Mutual alleges the insurance policy provides no coverage for claims arising out of or in connection with a home daycare business. Liberty Mutual also seeks a declaratory judgment that it has no duty to defend Glick in the Underlying Lawsuit. The policy, which is attached to the Complaint, reflects a $500,000 policy limit for personal liability.

The complaint in the Underlying Lawsuit alleges that, on January 29, 2018, Glick, while caring for and babysitting Schuler, performed one or more negligent acts that resulted in the death of Schuler. These acts included placing the infant on a couch that was unsuitable for the infant, failing to keep a proper and safe lookout to prevent or intercede in stopping a death caused by asphyxiation, and failing to property position the infant so as to

prevent death by asphyxiation. The Underlying Lawsuit seeks damages in an amount in excess of $50,000.

Liberty Mutual alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). In support thereof, Liberty Mutual alleges that it is an insurance company organized under the laws of Wisconsin with its principal place of business in Boston, Massachusetts. Compl. ¶ 4. On information and belief, Liberty Mutual alleges that Glick and Clayton are citizens of Illinois. Id. ¶¶ 5, 6. Finally, Liberty Mutual alleges the amount in controversy exceeds $75,000, excluding interest and costs. Id. ¶ 8.

Clayton moves to dismiss under Federal Rule of Civil Procedure 12(b)(1). Clayton asserts that the Complaint makes bare allegations without requisite support regarding the citizenship of Liberty Mutual and the amount in controversy. Glick has filed an Answer (d/e 8).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a Rule 12(b)(1) motion, the Court accepts as true all well-pleaded

factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id.

### III. ANALYSIS

Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

Clayton asserts that Liberty Mutual's diversity statement is insufficient because Liberty Mutual makes a "bare allegation without requisite support regarding the citizenship of Plaintiff which is a corporation." Mot. ¶ 2 (d/e 12). Clayton argues that, while Liberty Mutual has made allegations regarding its state of incorporation and the primary place of business, Liberty Mutual has not "pled that its allegations are based on the personal knowledge of any individual who has knowledge of the facts." Mem. at 3 (d/e 13). Clayton does not challenge the allegations regarding the citizenship of Clayton or Glick.

For purposes of diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); Wise v. Waschovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006). When a plaintiff sues a corporation, the plaintiff must allege both the state of incorporation and the state of the principal place of business for the corporation or the complaint will be dismissed. See Casio, Inc. v. S.M. & R. Co., Inc., 755 F.2d 528, 530-31 (7th Cir. 1985).

In this case, Liberty Mutual alleges that it is organized under the laws of Wisconsin with its principal place of business in Boston, Massachusetts. This is sufficient to allege citizenship of a corporation for purposes of a facial challenge. See id. at 530 (providing that the complaint should be dismissed if it fails to allege the state of incorporation and principal place of business and that, if the answer does not deny the allegations, jurisdiction is established); Montgomery v. Markel Int'l Ins. Co. Ltd., 259 F. Supp. 3d 857, 863 (N.D. Ill. 2017) (noting that the defendants only raised a facial rather than a factual attack on jurisdiction when they challenged the sufficiency of the plaintiffs' allegations, not the truth of those allegations).

Clayton asserts that a naked declaration of diversity of citizenship is never sufficient to allege diversity jurisdiction, citing Thomas v. Guardsmark, LLC, 487 F.3d 531, 532 (7th Cir. 2007). However, the "naked declaration of citizenship" in the Thomas case was the statement that the district court had jurisdiction "due to the diversity of citizenship of the parties." Id. at 534. The Seventh Circuit specifically held that a plaintiff has to identify the citizenship of each party to the litigation. Id. at 533 (citing Circuit Rule 28). That is exactly what Liberty Mutual did here.

Even if Clayton's motion can be construed as a factual challenge to Liberty Mutual's citizenship, Liberty Mutual has submitted evidence showing, by a preponderance of the evidence, that Liberty Mutual is a citizen of Wisconsin and Massachusetts. See Casio, 755 F.2d at 530 (noting that if the answer denies a jurisdictional allegation, the allegations must be "determined like that of any other contested allegation in the lawsuit"). Liberty Mutual has submitted the Declaration of Richard P. Quinlan, an Assistant Secretary for Liberty Mutual, asserting that Liberty Mutual is organized under laws of Wisconsin and its principal place of business is in Massachusetts. See Resp. Ex. 5 (d/e 16-5).

Therefore, Liberty Mutual has sufficiently demonstrated that it is a citizen of Wisconsin and Massachusetts.

Clayton next argues that Liberty Mutual's bare allegation as to the amount in controversy without any supporting facts is insufficient to invoke the Court's jurisdiction. Clayton asserts that the Underlying Lawsuit does not furnish a basis for Liberty Mutual's amount-in-controversy conclusion because the underlying complaint seeks damages in excess of $50,000 but makes no other specific claim. Mem. at 2-3.

If the jurisdictional threshold is not disputed, the Court will "accept the plaintiff's good faith allegation regarding the amount in controversy unless it appears to a legal certainty that the claim is actually for less than the jurisdictional amount." McMillian v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009) (internal quotation marks and citations omitted). When the defendant challenges the plaintiff's allegation regarding the amount in controversy, "the plaintiff must support its assertion with competent proof." Id. (internal quotation marks and citations omitted). That is, the plaintiff must prove the jurisdictional facts by a preponderance of the evidence. Meridian Sec. Ins. Co. v.

Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). Once the facts are established, dismissal is warranted only if it is legally certain that the claim is really for less than the jurisdictional amount. Id.

In a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Ad. Comm'n, 432 U.S. 333, 347 (1977). The object of the litigation is the pecuniary result that would flow to the plaintiff or the defendant from the court granting the declaratory judgment. America's MoneyLine, Inc. v. Coleman, 360 F.3d 782, 786 (7th Cir. 2004). In this case, the value of the Underlying Lawsuit and the cost of defending the Underlying Lawsuit count toward the jurisdictional amount. See Meridian, 441 F.3d at 537, 539 (providing that the expense of providing a legal defense and potential outlay for indemnity count toward the amount in controversy); Midland Mgmt. Co. v. Am. Alt. Ins. Corp., 132 F. Supp.3d 1014, 1020 (N.D. Ill. 2015).

Here, Clayton seeks in excess of $50,000 in the Underlying Lawsuit for the death of her infant daughter. Liberty Mutual asserts that the potential indemnity exposure and the cost of

defending the Underlying Lawsuit—Liberty Mutual is defending under a reservation of rights—satisfy the amount in controversy.

Clayton likely included the "in excess of $50,000" in her complaint for procedural reasons. That is, under Illinois law, a personal injury plaintiff may not ask for a specific ad damnum except to the extent necessary to comply with the circuit rules of assignment where the claim is filed. 735 ILCS 5/2-604. Clayton filed her complaint in the Underlying Lawsuit as an "L" case, identified in Montgomery County as one seeking $50,000 and over. See Montgomery County, Illinois, Circuit Court Fees (last visited August 16, 2019)

https://montgomeryco.com/images/docs/cic/2017feetable.pdf.

Moreover, Illinois Supreme Court Rule 222(a) requires that, in any civil action seeking money damages, the party include an affidavit that the total money damages sought does or does not exceed $50,000. Ill. Sup. Ct. R. 222(b). If the damages sought do not exceed $50,000, then Rule 222, which provides for limited and simplified discovery, applies. Id. Therefore, the amount sought by Clayton--$50,000—is not necessarily an estimate of what she is seeking to recover but more a method of complying with Rule 222

and the filing requirements of Montgomery County.  However, given the nature of the allegations—that Glick negligently caused the death of an infant—damages could well exceed $75,000.[1]

But even accepting the $50,000 figure as the potential value of indemnity, the amount in controversy also includes the cost of defending the Underlying Lawsuit.  Meridian, 441 F.3d at 537.  Liberty Mutual asserts that Clayton has requested a jury trial in the Underlying Lawsuit and that defense activities could include legal research into the key issues of liability and damages, intensive fact and expert discovery, and depositions, which would well exceed $75,000 alone.  See, e.g., Midland Mgmt. Co., 132 F. Supp. 3d at

---

[1] The Seventh Circuit has suggested that verdicts in similar cases where a jury awarded damages in amounts sufficient to satisfy the jurisdictional requirements can constitute evidence that the amount in controversy requirement is met.  McMillian, 567 F.3d at 845; Weiss v. Wal-Mart Stores, Inc., No. 09-887-GPM, 2009 WL 3713353, *3 (S.D. Ill. Nov. 4, 2009) (reviewing jury verdicts and settlements in similar cases when evaluating the amount in controversy but noting that verdicts in similar cases are not highly probative evidence).  This Court notes that verdicts and settlements in similar Illinois cases suggest damages could well exceed $75,000.  See Hamnik v. Terry Brown, No. 06 L 231, 2012 WL 6734838 (Ill. Circ. Ct.) (Verdict and Settlement Summary) ($387,213.15 verdict in Illinois wherein daycare provider allegedly placed four-month old baby to sleep on her stomach, causing the baby's death); McDaniel v. Tender Hart's Family Home Care & Learning, Inc., 2017-L-000120, 2017 WL 3026524 (Ill. Cir. Ct.) (Verdict and Settlement Summary) ($1 million settlement in death of 3 ½ month old; the estate alleged, among other things, that the defendants negligently placed the minor on her stomach, left her unattended, and failed to comply with state licensing standards).

1020 (when determining the amount in controversy, the court considered that the defendant asserted that the cost of providing the defense would, by itself, be more than $75,000). The potential indemnity and defense costs in this case could easily exceed $75,000.

Therefore, Liberty Mutual has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Because it is not legally certain that the claim is really for less than the jurisdictional floor, the Court finds the amount-in-controversy requirement met. Diversity jurisdiction exists in this case.

## V. CONCLUSION

For the reasons stated, Defendant Clayton's Motion to Dismiss for Lack of Subject Matter Jurisdiction (d/e 12) is DENIED. Clayton shall file an answer to the Complaint on or before August 30, 2019.

**ENTERED: August 16, 2019**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**